# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRET LEE ADAMS, | ) |
| Petitioner, | ) |
| v. | ) No. CIV 15-093-JHP-KEW |
| STATE OF OKLAHOMA and MUSKOGEE COUNTY SHERIFF, | ) |
| Respondents. | ) |

## OPINION AND ORDER

On March 10, 2015, petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging he is pretrial detainee in the Muskogee County Jail being denied his right to a speedy trial (Dkt. 1). On the same date, he also filed a motion to dismiss all pending criminal cases against him in the Muskogee County District Court (Dkt. 4). Because petitioner is not challenging the validity of a conviction or sentence, the court construes this action as arising under 28 U.S.C. § 2241.

Pursuant to the court's order, the respondent filed a response to the petition, alleging petitioner is represented by both private and court-appointed counsel in his multiple pending criminal cases (Dkt. 13). Petitioner has been ill during much of the calendar year of 2015, and the Muskogee County Sheriff's Office has refused to transport him to the state district court with his contagious disease. *Id*. Therefore, the plea petitioner accepted on March 5, 2015, has not been formally entered. *Id*.

On October 7, 2015, the court ordered the respondent to respond to petitioner's motion to dismiss (Dkt. 14), and on October 19, 2015, petitioner's copy of that order was returned, marked "Return to Sender, Unable to Forward" (Dkt. 16). Plaintiff's copy of the order denying his motion for appointment of counsel (Dkt. 15) was returned on October 27, 2015, with the notation of "Return to Sender-Refused-Unable to Forward" (Doc. 18).

The respondent's response to plaintiff's motion to dismiss (Dkt. 17) alleges petitioner has failed to specify which of his numerous criminal cases he is contesting, but he has three

possible cases in Muskogee County: Case Nos. CM-15-60, CF-14-998, and CM-14-590. According to the respondent, however, petitioner's claims are moot, because all of the criminal cases either have been resolved by a plea and a finding of guilt, or will be resolved in the coming weeks (Dkt. 17).

After careful review, the court finds the petition is too vague for the court to determine whether petitioner has stated a claim for habeas relief. Furthermore, plaintiff has failed to comply with this court's Local Civil Rule 5.5(a):

> All papers shall contain the name, mailing address, daytime telephone number, fax number, and e-mail address, if any, of the attorney or pro se litigant. If any of this information changes, the attorney or pro se litigant must notify the Court by filing the form provided by the Clerk and serving a copy on opposing counsel or pro se parties. . . ."

Local Civil Rule 5.5(a).

Because plaintiff has failed to comply with Local Civil Rule 5.5(a) by advising the court of his current address, this action is dismissed without prejudice for his failure to prosecute. *See United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 854-56 (10th Cir. 2005) (dismissing appeal sua sponte for failure to prosecute because appellant disappeared and failed to meet court deadlines).

**ACCORDINGLY,** this action is, in all respects, DISMISSED WITHOUT PREJUDICE for failure to prosecute. Petitioner also is DENIED a certificate of appealability, because he has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c).

**IT IS SO ORDERED** this 2nd day of November 2015.

James H. Payne
United States District Judge
Eastern District of Oklahoma